IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JEFFREY A. WEATHERWAX, | ) | |
| | ) | |
| Plaintiff, | ) | 4:10CV3025 |
| | ) | |
| v. | ) | |
| | ) | |
| BNSF RAILWAY COMPANY, a | ) | **MEMORANDUM** |
| Delaware corporation, | ) | **AND ORDER** |
| | ) | |
| Defendant. | ) | |
| | ) | |

    This is a lawsuit brought pursuant to the Federal Employers' Liability Act, 45 U.S.C. §§ 51-60, as a result of injuries suffered by plaintiff Jeffrey A. Weatherwax when he slipped and fell in the BNSF Railway Company parking lot on his way to work as a BNSF locomotive engineer. Weatherwax alleges that his injuries resulted from BNSF's failure to "use reasonable care in the design, construction, inspection, and maintenance of its parking lot provided for use by its employees"; "use reasonable care to clear and clean the parking lot of ice and snow"; and "provide reasonably safe routes in and out of the parking lot." (Filing 1, Complaint ¶ 9.)

    Pending before the court is defendant BNSF's motion in limine (filing 53) challenging the admissibility of the "testimony in its entirety" of Plaintiff's expert witness, Warren C. Vander Helm, "regarding the configuration and maintenance of the parking lot including their relationship to causation of the alleged accident and injuries." (Filing 53; Filing 54 at CM/ECF p. 1-2 (citing *Daubert v. Merrell Dow Phams., Inc.*, 509 U.S. 579 (1993).) Specifically, Defendant claims Vander Helm's testimony is inadmissible under Fed. R. Evid. 401, 402, 403, and 702 because his conclusions "are based on speculation, lack foundation and lack first[-] hand knowledge of the condition and maintenance of the parking lot at the time of the

alleged accident." (Filing 54 at CM/ECF p. 1.) Neither party has requested a hearing on the motion in limine.

Vander Helm is the managing partner of Parking Design Group, LLP, and holds a bachelor of arts degree in construction management. He has over 30 years of experience in parking design, operations, and planning, including providing parking-design consultation to contractors, architects, developers, commercial property owners, and municipalities throughout the country. (Filing 55-2 at CM/ECF p. 1.) Vander Helm's expert report states: "In my opinion, two factors contributed directly to the injury of Mr. Weatherwax: a poor and unsafe parking area configuration and neglect of maintenance of same." (Filing 55-2 at CM/ECF p. 2.)

BNSF points out that in preparing his report and arriving at his conclusions, Vander Helm reviewed only a Google Earth photograph of the parking lot, Defendant's answers to Plaintiff's interrogatories, Plaintiff's deposition, and he personally inspected the parking lot. He was not provided, nor did he have any, information as to the presence of snow or ice in the parking lot at the time of the accident. (Filing 55-3, Vander Helm Dep. 93:13-18, 94:6-9, 97:17-19.) Vander Helm was not provided, nor did he have any, information regarding what the plaintiff was wearing, where he was walking, or what he was carrying at the time of the alleged accident. (*Id*. at 105:1-4.) He did not speak to the plaintiff regarding the condition of the parking lot at the time of the alleged accident. (*Id*. at 96:4-9.) He did not review, nor was he aware of, BNSF's policies or procedures for snow and ice removal from the parking lot prior to the alleged accident. (*Id*. at 91:14-19, 92:17-23.) Vander Helm did not know if the parking lot had been salted, sanded, or otherwise treated. (*Id*. at 95:3-6.) Finally, he does not recall if he reviewed any state statutes, local codes, or standards regarding the configuration of the parking lot. (*Id*. at 57:6-58:17.)

Plaintiff argues that Vander Helm's testimony is not "complex, scientific evidence," but "involves nothing more than a simple opinion about parking lot configuration"—that is, "that the configuration and design implemented by Defendant is contrary to the basic, elemental configuration and design that should have been used, and that Defendant should have known that this configuration and design posed risks, and could and should have mitigated those risks." (Filing 59 at CM/ECF pp. 6 & 8.) However, and as noted above, Vander Helm also renders an opinion regarding causation. (Filing 55-2 at CM/ECF p. 2 (configuration and neglect of BNSF's parking lot "contributed directly" to Plaintiff's injury).)

Defendant BNSF's objections to Vander Helm's testimony focus on what information Vander Helm did *not* have or what he did *not* know before he rendered his opinions. Thus, BNSF challenges the lack of factual basis and foundation for Vander Helm's opinions, not their evidentiary reliability or admissibility. *Marvin Lumber & Cedar Co. v. PPG Indus., Inc.*, 401 F.3d 901, 916 (8th Cir. 2005) ("even post- *Daubert*, the factual basis of an expert opinion goes to the credibility of the testimony, not the admissibility" (internal quotation & citation omitted)). To the extent BNSF's complaints about the insufficient basis for Vander Helm's opinions are well-founded, "they go to the weight to be accorded his opinions by the jury." *Id.* Therefore, BNSF's objections to Vander Helm's testimony are ones that can be effectively addressed on cross-examination and with the presentation of contrary evidence from its own experts. *Daubert*, 509 U.S. at 596 ("Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence.").

In short, because I do not understand BNSF's evidentiary objections to Vander Helm's testimony to raise any *Daubert* issues, I decline to make an evidentiary ruling at this time. Instead, the admissibility of Vander Helm's testimony shall be considered and resolved at trial based upon the evidence presented to the jury.

Accordingly,

IT IS ORDERED that the defendant's motion in limine (filing 53) is denied without prejudice to its reassertion during the pretrial conference which will be held in chambers on the first day of trial.

DATED this 22nd day of June, 2011.

                                              BY THE COURT:
                                              s/ *Richard G. Kopf*
                                              United States District Judge